# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

**HEATHER P. HOGROBROOKS,**

**Plaintiff,**

v.                                                        **Case 2:18-cv-02571-JTF-cgc**

**BYRON R. LANE, LANE LAW GROUP INC.;**
**MARTI GERARDI, PROBATE PARALEGAL, INC.;**
**and, PAUL ELISSIRY, ESTATE RESEARCH**
**ASSOCIATES, INC.,**

**Defendants.**

---

**REPORT AND RECOMMENDATION ON DEFENDANT PAUL ELISSIRY, ESTATE RESEARCH ASSOCIATES, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, INSUFFICIENT SERVICE OF PROCESS, AND FAILURE TO STATE A CLAIM**

---

Before the Court is Defendant Paul Elissiry ("Elissiry") of Estate Research Associates, Incorporated's ("ERA") Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Service of Process, and Failure to State a Claim.  (Docket Entry (D.E. #12)).  The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.[1]  For the reasons set forth herein, it is RECOMMENDED that Elissiry's Motion to Dismiss for Lack of Personal Jurisdiction be GRANTED.

---

[1]   The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639.   All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

## I.    Introduction

On July 13, 2019, Plaintiff Heather P. Hogrobrooks filed a Complaint in the Circuit Court of Shelby County, Tennessee at Memphis.  (D.E. #1-1).  On August 20, 2018, Defendants Byron R. Lane ("Lane") of Lane Law Group, Incorporated ("Lane Law") and Marti Gerardi ("Gerardi") of Probate Paralegal, Incorporated ("PPI") removed the case to this Court.  (D.E. #1).

This case arises out from the death of Thelma Hogrobrooks ("Decedent"), who owned real property located at 6804 South Hoover Street, Los Angeles, California, 90044 ("Property") and died intestate.  (Elissiry Mot. to Dismiss, Exh. B ("Petition for Letters of Administration") at 1, 2, 5).  Decedent is Plaintiff's mother, Holly Hogrobrooks', paternal first cousin once removed. (*Id*. at 5; Mot. for Summ. J., Exh. H ("Plaintiff's Declaration")).  Holly Hogrobrooks was determined to be one of the heirs of Decedent's Estate.  (*Id*.)

Gerardi was appointed Administrator of the Estate on April 11, 2007.  (Elissiry's Mot. for Summ. J., Exh. C ("Order Appointing Gerardi as Administrator")).  Lane served as counsel to Gerardi in his role as Administrator.  (Compl. ¶ 2.b).  At some point after Decedent's death, the Property was targeted by a criminal operation run by Jesus and Sophia Aguayo.  (Elissiry Mot. to Dismiss, Exh. D ("Aguayo Complaint")).  The Aguayos took possession of the Property through a scheme that sought to gain title to distressed properties through fraud and adverse possession. (Answer of Lane & Gerardi at 2-3 (quoting the California Court of Appeals' description of the Aguayos enterprise)).

In 2006, ERA became aware that Decedent's Property "was being controlled by adverse possessors who were not related to the decedent" and that Decedent's "heirs did not know about their possible interest in her assets."  (Mot. to Dismiss, Exh. F ("Elissiry Declaration") ¶¶ 1-2).

Elissiry serves as President of ERA, which "specialize[s] in the business of identifying and locating missing and unknown heirs throughout the United States and abroad" and "has conducted investigations on several thousand decedent estates which involved missing heirs or unclaimed assets." (Elissiry Decl. ¶ 1). "Through extensive research, ERA located the decedent's paternal heirs and successors of interest of post-deceased paternal heirs." (*Id*. ¶ 2). Holly Hogrobrooks, who resided in Houston, Texas at the time, was determined by ERA to be one of the heirs to Decedent's Estate. (Compl. ¶ 1.a; Elissiry Mot. to Dismiss, Exh. F ("Elissiry Declaration") ¶ 3 & Exh. A ("Elissiry Affidavit") ¶ 12). In 2006, Holly Hogrobrooks and eight other paternal heirs and successors located by ERA "executed Agreements and Assignments wherein they assigned a portion of their possible interest in this estate to ERA." (Elissiry Decl. ¶ 3). In 2007, Gerardi initiated legal proceedings in California to attempt to rectify the damage done to the Estate by the criminal activities. (*See* Aguayo Complaint; Elissiry Decl. ¶ 4). Specifically, Gerardi sought to cancel the fraudulent instrument executed by the Aguayos, remove the cloud of title, and to quiet title to the real property. (*Id*.)

In 2016, Holly Hogrobrooks died with a will, and Plaintiff states that she is her mother's sole heir, including as to her interest in the Estate of Thelma Hogrobrooks. (Pl.'s Decl. ¶¶ 13-14). After Holly Hogrobrooks' death, Plaintiff became involved in the matters surrounding Decedent's Estate. ( Elissiry Aff. ¶ 15). Elissiry states that ERA "does not transact any business in Tennessee," that Plaintiff has "never been a client of ERA," and that neither he nor ERA "have ever availed ourselves of the privilege of acting in Tennessee." (Elissiry Aff. ¶¶ 11-14).

Plaintiff now seeks to allege various claims against Gerardi, Lane, and Elissiry in this Court. Specifically, Plaintiff raises the following claims: fraud; negligence *per se*; gross

negligence; a violation of 42 U.S.C. § 1985(3); and, "unfair and deceptive consumer practice." (Compl. ¶ 43-55).  Plaintiff resides in Memphis, Tennessee.  (Compl. ¶ 1).  Plaintiff alleges that Holly Hogrobrooks moved from Houston, Texas to Memphis, Tennessee from 2014 until 2016. (Compl. ¶ 1.a.)  Gerardi, Lane, and Elissiry have their places of business in California.  (Pl.'s Compl. ¶¶ 2-4).

## II.    Analysis

First, Elissiry asserts that this Court does not have personal jurisdiction over him. Specifically, Elissiry states as follows: (1) neither he nor ERA purposefully availed themselves of the privilege of acting in Tennessee or causing a consequence in Tennessee; (2) Plaintiff's cause of action does not arise from Elissiry or ERA's activities here; and, (3) neither he nor ERA had a connection with Tennessee that would make this Court's exercise of jurisdiction reasonable.

Plaintiff responds that the "culmination of" Elissiry and ERA's actions resulted in the harm she has suffered.  Plaintiff asserts that ERA reached out to her mother, Holly Hogrobrooks, in Houston, Texas to advise her of her interest in Decedent's Estate and enter into a business relationship with her.  (Elissiry Mot. to Dismiss at Exh. G ("Holly Hogrobrooks' Agreement and Assignment").  Plaintiff argues that, after Holly Hogrobrooks' death, the consequences of ERA's allegedly fraudulent and negligent relationship with Holly Hogrobrooks then fell upon Plaintiff in Memphis, Tennessee.  Plaintiff argues that the "fact that they did not have to physically leave the state of California to victimize" her and her mother should be irrelevant to this Court's inquiry.  Plaintiff asserts that the fact that the eventual harm befell her in this District is sufficient for this Court to have personal jurisdiction over Elissiry.

Personal jurisdiction over an out-of-state defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Air Prods. & Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 935 F.2d 1454, 1458 (6th Cir. 1991)). "Fundamentally, the defendant must have conducted itself in such a way that it could reasonably anticipate being brought into court in the forum state." *Reddy v. Webmedx*, No. 3:-10-1226, 2012 WL 589426, at *6-*7 (M.D. Tenn. Feb. 21, 2012) (citing *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 889, 904 (6th Cir. 2006)).

Depending upon the type of minimum contacts in a case, personal jurisdiction can either be said to be general or specific. *Air Prods.*, 503 F.3d at 550; *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir. 1994). General personal jurisdiction requires the defendant to have "continuous and systematic" contacts with the forum state such that the forum court may exercise jurisdiction over the defendant regardless of whether the claim at issue is related to the defendant's activities in the state. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002). Specific personal jurisdiction, on the other hand, is based on the defendant's contacts with the forum state as those contacts arise from the claims brought by the plaintiff. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

Specific personal jurisdiction over a nonresident defendant exists only to the extent permitted by the state's long-arm statute and by the due process clause of the United States Constitution. *Bridgeport Music, Inc. v. Still N The Water Pub*, 327 F.3d 472, 477 (6th Cir. 2003). Tennessee's long-arm statute permits personal jurisdiction arising from "any basis not

inconsistent with the constitution of this state of or the United States," Tenn. Code Ann. § 20-2-214(a)(6), and, thus, functionally serves to extend the court's personal jurisdiction to the limits allowed by the Constitution. *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005). The Court employs a three-part test to determine whether the exercise of jurisdiction comports with due process: (1) whether the defendant purposefully availed himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) whether the cause of action arises from defendant's activities there; and, (3) whether the acts of the defendant or the consequences caused must have a substantial enough connection to the forum to make the exercise of jurisdiction over the defendant reasonable. *Bridgeport Music*, 327 F.3d at 477-78 (citing *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

This Court has set forth the standard of review for a motion to dismiss for lack of personal jurisdiction as follows:

> Dismissal of a complaint for lack of personal jurisdiction is permitted under Rule 12(b)(2) of the Federal Rules of Civil Procedure. The burden of establishing personal jurisdiction over a defendant is borne by the plaintiff. *Alix Partners, LLP v. Brewington*, 836 F.3d 543, 548 (6th Cir. 2016). "In deciding a motion to dismiss for lack of personal jurisdiction, the district court may rely upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)) (internal quotation marks omitted).
>
> . . .
>
> Where a motion to dismiss is supported by affidavits, the plaintiff "may not rest upon allegations or denials in [its] pleadings but [its] response by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929-30 (6th Cir. 1974); *see also Flake v. Schrader-Bridgeport, Int'l, Inc.*, 538 Fed. Appx. 604, 616-17 (6th Cir. 2013) (same, citing *Weller*). "The pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh the controverting assertions of the party seeking dismissal." *AlixPartners*, 836 F.3d

6

at 549 (quoting *Air Prods.*, 503 F.3d at 549) (internal quotation marks omitted).
However, "mere conclusory allegations will not satisfy the 'specific facts'
requirement." *Preferred Care of Del., Inc. v. Konicov*, Civil Action No. 5:15-cv-
88-KKC-EBA, 2016 WL 2593924, at *4 (E.D. Ky. May 4, 2016).

*NTCH-West Tenn, Inc. v. ZTE Corp.*, No. 1:12-CV-1172-JDB-egb, 2017 WL 5196623, at *1-*2

(W.D. Tenn. Nov. 9, 2017).

Plaintiff relies upon two exhibits in support of her position that this Court may exercise

personal jurisdiction over Elissiry.  First, she has filed a Texas Statutory Durable Power of

Attorney document in which Holly Hogrobrooks designated Plaintiff serve as her agent and

attorney-in-fact as of April 23, 2014.  (Pl.'s Resp. at Exh A ("Power of Attorney")).  Second,

Plaintiff has filed the purported Agreement and Assignment between ERA and Holly

Hogrobrooks, which is dated November 8, 2006.  (Pl.'s Resp. at Exh. B ("Holly Hogrobrooks'

Agreement and Assignment").  Holly Hogrobrooks' Agreement and Assignment states that ERA

located her in Houston, Texas and brought to her attention that she may have an interest in the

Decedent's Estate.  (*Id.*)  Holly Hogrobrooks' Agreement and Assignment further provides that

she agreed to assign and transfer to ERA twenty-five percent of any interest that she may have in

the assets or inheritance from Decedent's Estate.  (*Id.*)

Elissiry filed his own Affidavit, which states as follows: (1) that he is a permanent resident

of California; (2) that he has never lived or worked in the State of Tennessee; (3) that ERA is a

California domestic corporation; (4) that ERA's principal place of business is in California; (5)

that ERA is not registered with the Secretary of State of the State of Tennessee as a foreign

corporation authorized to transact business in Tennessee; (6) that ERA does not transact any

business in Tennessee; (7) that the Agreement and Assignment between Holly Hogrobrooks and

ERA was entered into while Holly Hogrobrooks was a resident of Houston, Texas; (8) that

neither Elissiry nor ERA have ever availed themselves of the privilege of acting in Tennessee; (9) that Plaintiff has never been a client of ERA; and, (10) that Plaintiff only became involved in the Estate upon Holly Hogrobrooks' death in 2016 as the successor in interest of Holly Hogrobrooks. (Elissiry Aff. ¶¶ 4-16).

Upon review, there is no evidence that Elissiry had "continuous and systematic" contacts with the State of Tennessee such that this Court may exercise jurisdiction over him regardless of whether the claim at issue is related to the defendant's activities in the state. On the contrary, the evidence presented demonstrates that Elissiry has not had any direct contacts with the State of Tennessee. Thus, it is RECOMMENDED that this Court cannot exercise general personal jurisdiction over Elissiry.

With respect to whether this Court can exercise specific personal jurisdiction, the first consideration is whether Elissiry purposefully availed himself of the privilege of acting or causing a consequence in Tennessee. The evidence does not show that Elissiry purposefully availed himself of the privilege of acting in Tennessee, because he did not reach out to anyone here or otherwise act in Tennessee. Plaintiff posits, however, that Elissiry purposefully availed himself of the privilege of *causing a consequence* in Tennessee by reaching outside of the State of California to search for Decedents' heirs. However, the "purposeful availment" requirement focuses on the "overt actions connecting the defendant with the forum state." *Bridgeport Music*, 327 F.3d at 478-79 (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998)). A focus solely on the defendant's acts rather than on the consequences thereof ensures that a defendant will not be hauled into a jurisdiction as a result of "random, fortuitous, or

attenuated contacts." *Bridgeport Music*, 327 U.S. at 478 (citing *Burger King*, 471 U.S. at 474-75).

Here, it is RECOMMENDED that Elissiry made no overt act connecting himself to the State of Tennessee.  At no point did Elissiry contact Plaintiff or establish a client relationship with her.  As Elissiry states, neither he nor ERA transact any business in Tennessee, including in relation to this specific contractual engagement.  Absent such an overt act, it cannot be said that Elissiry's actions meet the "purposeful availment" requirement.

As to the remaining two prongs of the specific personal jurisdiction analysis, it cannot be said that Plaintiff's cause of action arises from Elissiry's activities here, as there were none. Elissiry also cannot be said to have developed a substantial enough connection to the forum to make the exercise of jurisdiction over the defendant reasonable.  Thus, it is RECOMMENDED that this Court may not exercise specific personal jurisdiction over Elissiry.  Further, as it is RECOMMENDED that neither general nor specific personal jurisdiction exist, it is RECOMMENDED that Plaintiff's claims against Elissiry must be dismissed for this Court's lack of personal jurisdiction over him.

### III.    Conclusion

For the reasons set forth herein, it is RECOMMENDED that Elissiry's Motion to Dismiss

pursuant to Rule 12(b)(2) be GRANTED.

Signed this 31st day of December, 2018.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**