IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**HEATHER P. HOGROBROOKS,**

**Plaintiff,**

v.                                                                    Case 2:18-cv-02571-JTF-cgc

**BYRON R. LANE, LANE LAW GROUP, INC.;
MARTI GERARDI, PROBATE PARALEGAL, INC.;
and, PAUL ELISSIRY, ESTATE RESEARCH
ASSOCIATES, INC.,**

**Defendants.**

---

**REPORT AND RECOMMENDATION ON MARTI GERARDI, PROBATE
PARALEGAL, INC., AND BYRON R. LANE, LANE LAW GROUP, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Before the Court is Defendant Byron R. Lane ("Lane") of Lane Law Group, Incorporated ("Lane Law") and Marti Gerardi ("Gerardi") of Probate Paralegal Incorporated's ("PPI") Motion for Judgment on the Pleadings. (Docket Entry ("D.E." #15). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation.[1] For the reasons set forth herein, it is RECOMMENDED that Lane and Gerardi's motion be construed as a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) and that it be GRANTED.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

1

## I.     Introduction

On July 13, 2019, Plaintiff Heather P. Hogrobrooks filed a Complaint in the Circuit Court of Shelby County, Tennessee at Memphis. (D.E. #1-1). On August 20, 2018, Defendants Byron R. Lane ("Lane") of Lane Law Group, Incorporated ("Lane Law") and Marti Gerardi ("Gerardi") of Probate Paralegal, Incorporated ("PPI") removed the case to this Court. (D.E. #1).

This case arises from the death of Thelma Hogrobrooks ("Decedent"), who owned real property located at 6804 South Hoover Street, Los Angeles, California, 90044 ("Property") and died intestate. (Elissiry Mot. to Dismiss, Exh. B ("Petition for Letters of Administration") at 1, 2, 5).[2] Decedent is Plaintiff's mother, Holly Hogrobrooks', paternal first cousin once removed. (*Id.* at 5; Mot. for Summ. J., Exh. H ("Plaintiff's Declaration")). Holly Hogrobrooks was determined to be one of the heirs of Decedent's Estate. (*Id.*)

Gerardi was appointed Administrator of the Estate on April 11, 2007. (Elissiry's Mot. for Summ. J., Exh. C ("Order Appointing Gerardi as Administrator")). Lane served as counsel to Gerardi in his role as Administrator. (Compl. ¶ 2.b). At some point after Decedent's death, the Property was targeted by a criminal operation run by Jesus and Sophia Aguayo. (Elissiry Mot. to Dismiss, Exh. D ("Aguayo Complaint")). The Aguayos took possession of the Property through a scheme that sought to gain title to distressed properties through fraud and adverse possession. (Answer of Lane & Gerardi at 2-3 (quoting the California Court of Appeals' description of the Aguayos enterprise)).

In 2006, ERA became aware that Decedent's Property "was being controlled by adverse possessors who were not related to the decedent" and that Decedent's "heirs did not know about their possible interest in her assets." (Mot. to Dismiss, Exh. F ("Elissiry Declaration") ¶¶ 1-2).

---

[2] Lane and Gerardi reference portions of the factual background filed by co-defendant Paul Elissiry ("Elissiry") of Estate Research Associates, Incorporated ("ERA").

Elissiry serves as President of ERA, which "specialize[s] in the business of identifying and locating missing and unknown heirs throughout the United States and abroad" and "has conducted investigations on several thousand decedent estates which involved missing heirs or unclaimed assets." (Elissiry Decl. ¶ 1). "Through extensive research, ERA located the decedent's paternal heirs and successors of interest of post-deceased paternal heirs." (*Id*. ¶ 2). Holly Hogrobrooks, who resided in Houston, Texas at the time, was determined by ERA to be one of the heirs to Decedent's Estate. (Compl. ¶ 1.a; Elissiry Mot. to Dismiss, Exh. F ("Elissiry Declaration") ¶ 3 & Exh. A ("Elissiry Affidavit") ¶ 12). In 2006, Holly Hogrobrooks and eight other paternal heirs and successors located by ERA "executed Agreements and Assignments wherein they assigned a portion of their possible interest in this estate to ERA." (Elissiry Decl. ¶ 3). In 2007, Gerardi initiated legal proceedings in California to attempt to rectify the damage done to the Estate by the criminal activities. (*See* Aguayo Complaint; Elissiry Decl. ¶ 4). Specifically, Gerardi sought to cancel the fraudulent instrument executed by the Aguayos, remove the cloud of title, and to quiet title to the real property. (*Id*.)

In 2016, Holly Hogrobrooks died with a will, and Plaintiff states that she is her mother's sole heir, including as to her interest in the Estate of Thelma Hogrobrooks. (Pl.'s Decl. ¶¶ 13-14). After Holly Hogrobrooks' death, Plaintiff became involved in the matters surrounding Decedent's Estate. ( Elissiry Aff. ¶ 15). Elissiry states that ERA "does not transact any business in Tennessee," that Plaintiff has "never been a client of ERA," and that neither he nor ERA "have ever availed ourselves of the privilege of acting in Tennessee." (Elissiry Aff. ¶¶ 11-14).

Plaintiff now seeks to allege various claims against Gerardi, Lane, and Elissiry in this Court. Specifically, Plaintiff raises the following claims: fraud; negligence *per se*; gross

negligence; a violation of 42 U.S.C. § 1985(3); and, "unfair and deceptive consumer practice." (Compl. ¶ 43-55). Plaintiff resides in Memphis, Tennessee. (Compl. ¶ 1). Plaintiff alleges that Holly Hogrobrooks moved from Houston, Texas to Memphis, Tennessee from 2014 until 2016. (Compl. ¶ 1.a.) Gerardi, Lane, and Elissiry have their places of business in California. (Pl.'s Compl. ¶¶ 2-4).

## II.   Analysis

First, Lane and Gerardi assert that this Court does not have personal jurisdiction over them. Specifically, Lane and Gerardi state as follows: (1) they did not purposefully avail themselves of the privilege of acting in Tennessee or causing a consequence in Tennessee; (2) Plaintiff's cause of action does not arise from their activities here; and, (3) they had no connection with the State of Tennessee that would make this Court's exercise of jurisdiction reasonable.

As a threshold procedural matter, Lane and Gerardi filed the instant motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure; however, a Rule 12(c) motion only considers the pleading itself. Lane and Gerardi have sought for the Court to consider matters outside the pleadings—namely, their affidavits as well as other evidence of record. Rule 12(d) provides that, "[i]f, on a motion under . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). If the Court determines that conversion to Rule 56 is appropriate, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*. Here, however, it appears that Lane and Gerardi actually sought relief pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, which provides for dismissal for lack of

4

personal jurisdiction. Although Rule 12(d) states that a Rule 12(c) motion "must" be converted into one pursuant to Rule 56, the Court finds it clearest to determine that this is not, in fact, a Rule 12(c) motion from the outset (regardless of how it was filed). Thus, it is RECOMMENDED that this motion be construed as one pursuant to Rule 12(b)(2).

Turning to the merits of the motion, personal jurisdiction over an out-of-state defendant arises from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Air Prods. & Controls, Inc. v. Safetech Intern., Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 935 F.2d 1454, 1458 (6th Cir. 1991)). "Fundamentally, the defendant must have conducted itself in such a way that it could reasonably anticipate being brought into court in the forum state." *Reddy v. Webmedx*, No. 3:-10-1226, 2012 WL 589426, at *6-*7 (M.D. Tenn. Feb. 21, 2012) (citing *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 889, 904 (6th Cir. 2006)).

Depending upon the type of minimum contacts in a case, personal jurisdiction can either be said to be general or specific. *Air Prods.*, 503 F.3d at 550; *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir. 1994). General personal jurisdiction requires the defendant to have "continuous and systematic" contacts with the forum state such that the forum court may exercise jurisdiction over the defendant regardless of whether the claim at issue is related to the defendant's activities in the state. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002). Specific personal jurisdiction, on the other hand, is based on the defendant's contacts with the forum state as those contacts arise from the claims brought by the plaintiff. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

Specific personal jurisdiction over a nonresident defendant exists only to the extent permitted by the state's long-arm statute and by the due process clause of the United States Constitution. *Bridgeport Music, Inc. v. Still N The Water Pub*, 327 F.3d 472, 477 (6th Cir. 2003). Tennessee's long-arm statute permits personal jurisdiction arising from "any basis not inconsistent with the constitution of this state of or the United States," Tenn. Code Ann. § 20-2-214(a)(6), and, thus, functionally serves to extend the court's personal jurisdiction to the limits allowed by the Constitution. *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir. 2005). The Court employs a three-part test to determine whether the exercise of jurisdiction comports with due process: (1) whether the defendant purposefully availed himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) whether the cause of action arises from defendant's activities there; and, (3) whether the acts of the defendant or the consequences caused must have a substantial enough connection to the forum to make the exercise of jurisdiction over the defendant reasonable. *Bridgeport Music*, 327 F.3d at 477-78 (citing *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

This Court has set forth the standard of review for a motion to dismiss for lack of personal jurisdiction as follows:

> Dismissal of a complaint for lack of personal jurisdiction is permitted under Rule 12(b)(2) of the Federal Rules of Civil Procedure. The burden of establishing personal jurisdiction over a defendant is borne by the plaintiff. *Alix Partners, LLP v. Brewington*, 836 F.3d 543, 548 (6th Cir. 2016). "In deciding a motion to dismiss for lack of personal jurisdiction, the district court may rely upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 899 (6th Cir. 2017) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)) (internal quotation marks omitted).
>
> . . .

> Where a motion to dismiss is supported by affidavits, the plaintiff "may not rest upon allegations or denials in [its] pleadings but [its] response by affidavit or otherwise must set forth specific facts showing that the court has jurisdiction." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929-30 (6th Cir. 1974); *see also Flake v. Schrader-Bridgeport, Int'l, Inc.*, 538 Fed. Appx. 604, 616-17 (6th Cir. 2013) (same, citing *Weller*). "The pleadings and affidavits submitted must be viewed in a light most favorable to the plaintiff, and the district court should not weigh the controverting assertions of the party seeking dismissal." *AlixPartners*, 836 F.3d at 549 (quoting *Air Prods.*, 503 F.3d at 549) (internal quotation marks omitted). However, "mere conclusory allegations will not satisfy the 'specific facts' requirement." *Preferred Care of Del., Inc. v. Konicov*, Civil Action No. 5:15-cv-88-KKC-EBA, 2016 WL 2593924, at *4 (E.D. Ky. May 4, 2016).

*NTCH-West Tenn, Inc. v. ZTE Corp.*, No. 1:12-CV-1172-JDB-egb, 2017 WL 5196623, at *1-*2 (W.D. Tenn. Nov. 9, 2017).

While Plaintiff filed two responses to "all other dilatory and depositive [sic] motions filed by all defendants," (*See* D.E. #24, D.E. #25), she only generally continues to assert the merits of her case and argue that the consequences of Lane and Gerardi's actions in California resulted in the consequences that have befallen her in Tennessee. Specifically, Plaintiff questions how Lane and Gerardi became involved with a "probate heir 3000 miles away" or "why they claim unfairness in having to answer in Tennessee without explaining their solicitation and ultimate representation of Texas and Tennessee residents." (Pl.'s Response, filed at D.E. #24, at 2 ¶ 2). Plaintiff filed no affidavit or evidence supporting her assertion that this Court has personal jurisdiction over Lane or Gerardi.

Lane filed a Declaration stating that he is a resident of California. (Lane & Gerardi Mot. for Judgment on the Pleadings, Exh. A, ¶ 3). Lane is licensed to practice law in California and does so as the sole shareholder of Lane Law, a California domestic corporation. (*Id*. ¶ 4). Lane states that he has never represented Plaintiff, does not conduct business in the State of Tennessee, and in fact, has never been to the State of Tennessee. (*Id*. ¶¶ 5-6). Lane states that

7

Lane Law is not registered with the Tennessee Secretary of State as a foreign corporation, nor does it conduct business in Tennessee or employee any individuals there. (*Id.* ¶ 7). Lane states that he understands that Plaintiff received an Estimated Assessment for property taxes issued by the City of Los Angeles, California. (*Id.* ¶ 8 & Exh. A). Lane states that the Estimated Assessment was mailed to Plaintiff by the law firm of Pasternak, Pasternak, and Alsbrook, who acted as receiver in the Aguayos' criminal matters. (*Id.*) Lane states that neither he nor Lane Law had any involvement with Plaintiff's receipt of the Estimated Assessment. (*Id.*) Lane states that, although he was the attorney for Decedent's Estate, all taxes of which he had any knowledge were paid and he did not know why Plaintiff received the Estimated Assessment. (*Id.*) Lane further states that the Estimated Assessment was mailed nearly ten months after the Order approving the final petition as to Decedent's Estate. (*Id.*)

Gerardi filed a Declaration stating that she is also a resident of California. (Lane & Gerardi's Mot. for Judgment on the Pleadings, Exh. B, ¶ 3). Gerardi states that she is the sole shareholder and owner of PPI, a California domestic corporation with its principal place of business in California. (*Id.* ¶ 4). Gerardi states that she does not conduct business in Tennessee and that she also has never been to the State of Tennessee. (*Id.* ¶ 5). Gerardi states that PPI is not registered with the Tennessee Secretary of State as a foreign corporation, does not conduct any business in Tennessee, and does not employee any individuals in Tennessee. (*Id.* ¶ 6).

Upon review, Plaintiff has failed to meet her burden of demonstrating that this Court has personal jurisdiction over Lane and Gerardi by producing no evidence whatsoever in support of her position. Further, a brief review of Defendant's evidence, although not required or necessary, only bolsters the conclusion that general personal jurisdiction does not exist, as Lane

and Gerardi have no continuous and ongoing contacts to Tennessee, and that specific personal jurisdiction does not exists, because there is no evidence that they purposefully availed themselves of the privileges of doing business here. Simply because the Decedent died intestate with an heir (Holly Hogrobrooks) in Houston, Texas who post-deceased her and left an heir in Memphis, Tennessee (Plaintiff) is insufficient for this Court's exercise of personal jurisdiction. Accordingly, it is RECOMMENDED that this Court cannot exercise personal jurisdiction over Lane and Gerardi and that, as such, this case should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### III.   Conclusion

For the reasons set forth herein, it is RECOMMENDED that Lane and Gerardi's Motion for Judgment on the Pleadings be construed as a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and that it be GRANTED.

Signed this 31st day of December, 2018.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**