# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **HEATHER P. HOGROBROOKS HARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-2571-JTF-cgc |
| | ) | |
| | ) | |
| **BRYON R. LANE,** | ) | |
| **MARTI GERARDI, PROBATE** | ) | |
| **PARALEGAL INC., and PAUL ELISSIRY,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORTS AND RECOMMENDATIONS AND GRANTING DEFENDANTS'
## MOTIONS TO DISMISS, ECF NOS. 12 & 15, FOR LACK OF PERSONAL
## JURISDICTION

Before the Court is Defendants Paul Elissiry and Estate Research Associates' Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Service of Process and Failure to State a Claim that was filed on September 13, 2018. (ECF No. 12.) On September 18, 2018, Plaintiff filed a response to which Defendant filed a reply on October 1, 2018. (ECF Nos. 13 & 14.) On October 5, 2018, Defendants Byron R. Lane and Lane Law Group, Inc. (collectively "Lane") and Defendants Marti Gerardi and Probate Paralegal, Inc. (collectively "Gerardi') filed a Motion for Judgment on the Pleadings. (ECF No. 15.) On October 10, 2018, Plaintiff filed a Response to the Motion to which Defendants filed a Reply on October 16, 2018. (ECF Nos. 24-26.) The motions were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). On December 31, 2018, the Magistrate Judge issued two Reports and Recommendations, one of which

1

recommended that the Court grant Elissiry's Motion to Dismiss for Lack of Personal Jurisdiction and the other recommending that the Court construe Lane and Gerardi's Motion for Judgment on the Pleadings as a Motion to Dismiss pursuant to Rule 12(b)(2) that should also be granted. (ECF Nos. 27 & 28.) On January 8, 2019, Plaintiff Hogrobrooks filed an objection to both of the Magistrate Judge's reports and recommendations to which Defendants filed a response. (ECF Nos. 29 & 30.) On January 22, 2019, Plaintiff filed a reply to Defendants' Response. (ECF No. 31.) On January 28, 2019, Plaintiff filed a Supplemental Reply to Defendants' Response. (ECF No. 33.)

For the reasons below, the Court adopts the Magistrate Judge's reports and recommendations and orders the case Dismissed with Prejudice.

## II. <u>LEGAL STANDARD</u>

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A United States District Judge may refer certain dispositive pretrial motions to a United States Magistrate Judge for submission of proposed findings of fact and conclusions of law, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); *Brown v. Wesley Quaker Maid, Inc.,* 771 F.2d 952, 957 (6th Cir. 1985). The District Court Judge may accept, reject, or modify in whole or in part, the Magistrate Judge's proposed findings and recommendations. While most actions by a Magistrate Judge are reviewed for clear error, dispositive recommendations to the District Court Judge are reviewed *de novo*. *See Thomas v. Arn*, 474 U.S. 140, 141-42 (1985). Any party who

2

disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

### III. FACTUAL HISTORY

The Magistrate Judge's reports and recommendations offer proposed findings of fact. (ECF Nos. 27, 2-4 & 28, 2-4.) In summary, this case involves a dispute over real property located at 6804 South Hoover Street, in Los Angeles, California that was owned by Decedent Thelma Hogrobrooks. Plaintiff's mother, Holly Hogrobrooks, and Thelma Hogrobrooks were paternal first cousins, once removed. Thelma Hogrobrooks passed intestate and Defendant Marti Gerardi of Probate Paralegals Incorporated ("PPI") was appointed as Administrator of her estate while Byron Lane ("Lane"), of the Lane Law Group, Inc. ("Lane Law') served as Gerardi's legal counsel. Sometime after Thelma Hogrobrooks' death, it was discovered by Estate Research Associates, Inc. ("ERA") that the California property had been seized by adverse possession pursuant to a criminal operation under the direction of Jesus and Sophia Aguayo. Subsequently, ERA located Holly Hogrobrooks, Plaintiff's mother, and eight other paternal heirs and successors of the decedent who thereafter assigned their interests in the California property over to ERA. As a result, Gerardi initiated legal proceedings in California in order to cancel the fraudulent instrument executed by the Aguayos, and to remove the cloud of title to the real property. (ECF No. 12-5.) Plaintiff's mother, Holly Hogrobrooks died in 2016, leaving Plaintiff as her sole successor and Plaintiff implemented this action in order to claim an interest in Thelma Hogrobrooks' estate.

Plaintiff's objections along with her reply to Defendants' responses, ECF No. 31, do not assert a specific objection to any of the Magistrate Judge's proposed findings of fact.

3

Accordingly, the Court fully adopts the Magistrate Judge's proposed findings of fact as the factual summary of this case.

## IV. ANALYSIS

1. *Lack of Personal Jurisdiction, Insufficient Service & Failure to State a Claim*

The Magistrate Judge recommends that Plaintiff's complaint should be dismissed against Defendant Paul Elissiry ("Elissiry") of Estate Research Associates, Inc. ("ERA") for lack of specific personal jurisdiction pursuant to Fed. R. Civ. P. 12(b). The Magistrate Judge determined that (1) Elissiry had not availed himself of the privilege of acting in the state; (2) the cause of action did not arise from defendant's activities within the state of Tennessee; and (3) there were no consequences having a substantial connection to the forum to make the exercise of jurisdiction over Elissiry reasonable. *See Brideport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 477 (6th Cir. 2003). Referring to Elissiry's affidavit and Plaintiff's exhibits, the Magistrate Judge concluded there was no evidence that Elissiry had direct, continuous or systematic contacts with the state of Tennessee. (ECF No. 27, 4-10.)

Plaintiff objects to the report and recommendation, asserting that Defendants' transmission and receipt of documents to and from the state of Tennessee was sufficient to establish personal jurisdiction over Elissiry. She also contends that Elissiry's relationship with her mother and her distant relative Holly Hogrobrooks resulted in Plaintiff suffering negative consequences in Tennessee. (ECF No. 29, 2-3.) Finally, Plaintiff maintains that Defendant's business contacts and misrepresentations to Plaintiff and her family comprised violations of Texas Occupation Code and California law. (ECF No. 31, 2-3.) These arguments do not demonstrate that the undersigned Court has personal jurisdiction over Defendant Paul Elissiary

4

or Estate Research Associates, Inc.

Elissiry avers that he is a California resident who has never had any personal contacts with the state of Tennessee. ERA's principal place of business is located in the state of California and it does not transact any business in Tennessee. Elissiry also states that Plaintiff has never been a client of ERA. (ECF Nos. 9, 12-1 & 12-2.) Elissiry asserts that he, along with the other Defendants, Lane and Gerardi, worked to clear the title of the real property in California following the death of Plaintiff's mother Thelma Hogrobrooks, "the Hogrobrooks Estate." (ECF Nos. 12-1, 1-4, 12-5 & 12-6.) Upon *de novo* review, all of the underlying matters in this dispute arose out of the state of California. The property within the "Hogrobrooks estate" is located in California, the administration of the decedent's estate was adjudicated and settled in the California Superior Court and all of the Defendants are California residents.

Accordingly, Plaintiff's objections to the Magistrate Judge's recommendation to grant dismissal of claims against Elissiry and ERA are Overruled.

2) *Dismissal For Lack of Jurisdiction Over Lane and Gerardi pursuant to Rule 12(b)(2)*

Lane and Gerardi filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). (ECF No. 15). The Magistrate Judge determined that although the parties submitted affidavits and other evidence outside of the pleadings for the Court's consideration, the Rule 12(c) motion need not be converted into a Rule 56 summary judgment motion based on the grounds for which relief is sought, dismissal for lack of jurisdiction. (ECF No. 16, 4-5.) Therefore, the Magistrate Judge first recommends that the motion be construed as a motion to dismiss under Rule 12(b)(2). (ECF No. 28, 4-5). After considering the three-part test to determine if the exercise of jurisdiction comports with due process in this case, the Magistrate Judge concluded that general

5

personal jurisdiction does not exist over Lane and Gerardi because neither had continuous and ongoing contacts with Tennessee. *Bridgeport Music, Inc. v. Still N The Water Pub,* 327 F.3d 472, 477 (6th Cir. 2003). She also concluded that specific personal jurisdiction does not exist because there is no evidence that these Defendants purposefully availed themselves of the privilege of doing business in Tennessee. The Magistrate Judge found that Hogrobrooks' objections did not refute the Defendants' affidavits and offer any new substantive arguments. (ECF No. 28, 5-9.) The Court agrees.

In her objections, Plaintiff merely reasserts that the Defendants' motion to dismiss should be denied because the Defendants solicited clients in Texas and Tennessee regarding probate matters in California; that Plaintiff is disadvantaged in litigating her claims against experienced attorneys; and the financial hardships of bringing the action in California compared to a less expensive forum of Tennessee. Plaintiff also acknowledged "her willingness to transfer this matter to the Southern District of Texas." (ECF No. 24, 2-7). In her reply, Plaintiff adds that Defendants had contacts with the state of Tennessee to secure documents regarding the property at issue and providing a basis for jurisdiction in this case. Plaintiff's objections in response to the report and recommendation are vague and conclusory.

Upon *de novo* review, the Court finds that the Magistrate Judge properly determined that personal jurisdiction over these Defendants does not exist. As noted by the Magistrate Judge, attorney Byron R. Lane is a licensed attorney in the state of California, his law practice Lane Law Group is a California corporation, and he was counselor for the administrator of the estate of Thelma Hogrobrooks, Plaintiff's mother in Los Angeles Superior Court, Case No. BP103138. (ECF No. 16, 2.) Lane states in his declaration that he has never represented Plaintiff nor

practiced law in the state of Tennessee. (ECF No. 16-1.) Similarly, Marti Gerardi worked as administrator of the estate and he and Lane reportedly worked for ten years to remove the cloud on the real property and to reach a final disbursement of the estate. (ECF No. 16.) Gerardi stated in his declaration that he is resident of California, that Probate Paralegal is a California corporation and that he does not conduct any business in Tennessee. (ECF No. 16-2.) As noted above, the property at issue is located in California, the probate petition was filed in California, and all of the defendants are California residents without any minimum or continuous and systematic contacts with this state. *Bridgeport,* 327 F.3d at 477. Plaintiff has not offered any affidavits or evidence that contradict these assertions. *Flake v. Schrader-Bridgeport, Int'l, Inc.*, 538 F. App'x 604, 616-17 (6th Cir. 2013) (a plaintiff may not rest upon allegations in its pleadings with a motion to dismiss is supported by affidavits.) Accordingly, Plaintiff's objections are overruled and the report and recommendation to grant Lane and Gerardi's motion to dismiss is Granted.

## **CONCLUSION**

Upon a *de novo* review of the *pro se* complaint, the Magistrate Judge's reports and recommendations, ECF Nos. 27 & 28, and the objections thereto, ECF No. 24, the Court adopts the Magistrate Judge's reports and recommendations in their entirety. Accordingly, the Court Grants the Defendants' Motions to Dismiss, ECF Nos. 12 & 15, and dismisses the case with prejudice.

**IT IS SO ORDERED** on this 30th day of January, 2019.

                                         *s/John T. Fowlkes, Jr.*
                                         JOHN T. FOWLKES, JR.
                                         UNITED STATES DISTRICT JUDGE